1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SOPHIE CLAIRE FLAX,                      No.  2:22-cv-01113 AC

12               Plaintiff,

13        v.                                  **ORDER**

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,
15
                Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for disability insurance benefits ("DIB") under

20   Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for

22   summary judgment will be GRANTED.

23                         I.  PROCEDURAL BACKGROUND

24        Plaintiff applied for DIB on January 6, 2020.  Administrative Record ("AR") 171.[2]  The

25   disability onset date was alleged to be December 4, 2018.  Id.  The application was disapproved

26

27   _____
     [1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
     who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
28   York, 476 U.S. 467, 470 (1986).
     [2]  The AR is electronically filed at ECF Nos. 10-1 (AR 1 to AR 484).

                                            1

initially and on reconsideration.  AR 90, 97.  On April 13, 2021, ALJ Serena Hong presided over

the hearing on plaintiff's challenge to the disapprovals.  AR 36 – 59 (transcript).  Plaintiff, who

appeared with her counsel Elizabeth Podgurski, was present at the hearing.  AR 36.  Susan

Creighton-Clavel, a Vocational Expert ("VE"), also testified at the hearing.  Id.

On May 26, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d)

of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 20-31 (decision), 32-35 (exhibit list).  On

May 17, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's

decision as the final decision of the Commissioner of Social Security.  AR 1-4 (decision and

additional exhibit list).  Plaintiff filed this action on June 28, 2022.  ECF No. 1; see 42 U.S.C.

§ 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 9.  The

parties' cross-motions for summary judgment, based upon the Administrative Record filed by the

Commissioner, have been fully briefed.  ECF Nos. 14 (plaintiff's summary judgment motion), 16

(Commissioner's summary judgment motion).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1985, and accordingly was, at age 34, a younger person under the

regulations, when she filed her application.[3]  AR 171.  Plaintiff has a high school education, and

can communicate in English.  AR 195, 197.  Plaintiff has work history in the restaurant industry

as a server, manager, and assistant general manager.  AR 197.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

supported by substantial evidence and if the Commissioner applied the correct legal standards."

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a

preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

---

[3]  See 20 C.F.R. § 404.1563(c) ("younger person").

2

1  Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the

2  record can constitute substantial evidence, only those 'reasonably drawn from the record' will

3  suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

4  Although this court cannot substitute its discretion for that of the Commissioner, the court

5  nonetheless must review the record as a whole, "weighing both the evidence that supports and the

6  evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS,

7  846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

8  court must consider both evidence that supports and evidence that detracts from the ALJ's

9  conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

10       "The ALJ is responsible for determining credibility, resolving conflicts in medical

11  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

12  Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of

13  which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

14  278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

15  ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn

16  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

17  2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

18  evidence that the ALJ did not discuss").

19       The court will not reverse the Commissioner's decision if it is based on harmless error,

20  which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

21  ultimate nondisability determination.'"  Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir.

22  2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

23  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

24                          IV.  RELEVANT LAW

25       Disability Insurance Benefits and Supplemental Security Income are available for every

26  eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

27  is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically

28  determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

(quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

////

4

# V.  THE ALJ's DECISION

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.

2. [Step 1] The claimant has not engaged in substantial gainful activity since December 4, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*)

3. [Step 2]  The claimant has the following severe impairments: major depressive disorder, bipolar, generalized anxiety disorder (GAD), Attention Deficit Hyperactivity Disorder (ADHD), asthma, and obesity (20 CFR 404.1520(c)).

4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  [Residual Functional Capacity ("RFC")]  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except cannot climb ladders, ropes, and scaffolds; can perform other postural maneuvers such as stooping, crouching and crawling on an occasional basis; must avoid concentrated exposure to pulmonary irritants such as dust, fumes and gases; limited to simple, routine tasks with only occasional public contact; would work best in an environment with few changes in the work routine; occasional interaction with coworkers and supervisors.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born [in 1985] and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.  [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

////

11.  The claimant has not been under a disability, as defined in the Social Security Act, from December 4, 2018, through the date of this decision (20 CFR 404.1520(g)).

AR 22-30.  As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 30.

## VI.  ANALYSIS

Plaintiff alleges that (1) the Appeals Council erred by failing to incorporate and evaluate new and material evidence submitted by plaintiff, and (2) that the ALJ improperly failed to credit plaintiff's subjective complaints as limitations in the RFC.  ECF No. 14 at 10-17.

A.  <u>The ALJ's RFC is Supported by Substantial Evidence</u>

Plaintiff asserts that the Appeals Council incorrectly determined that additional evidence submitted by plaintiff on appeal was not material, and therefore erroneously failed to consider the additional evidence.  ECF No. 14 at 10.  In relevant part, the Appeals Council stated in its opinion,  "You submitted additional evidence from Daniel Notzon, M.D., dated July 6, 2021 (3 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence."  AR 2.

Social Security regulations permit a claimant to submit additional evidence to the Appeals Council. 20 C.F.R. § 404.900(b), 416.1400(b).  The Appeals Council is required to consider new and material evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision" and "there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R § 404.970(a)(5) &(b), 416.1470(a)(5) & (b) (2017).  Evidence that meets these criteria is to be considered by the Appeals Council and incorporated into the administrative record as evidence, "which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."  <u>Brewes v. Comm'r of Soc. Sec. Admin.</u>, 682 F3d 1157, 1163 (9th Cir. 2012).

This court has no authority to review the Appeals Council's decision itself because when the "Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner."  <u>Taylor v. Comm'r of Soc. Sec. Admin.</u>, 659 F.3d 1228, 1231 (9th Cir. 2011).  However, the court

1  can consider Dr. Notzon's opinion, "which was rejected by the Appeals Council, to determine

2  whether, in light of the record as a whole, the ALJ's decision was supported by substantial

3  evidence and was free of legal error." Id. at 1232.  Dr. Notzon's opinion, in relevant part,

4  assesses extreme limitations in plaintiff's ability to interact appropriately with the public and

5  supervisors, respond appropriate to usual work situations and changes in routine works settings,

6  and marked limitation sin her ability to carry out complex instructions and make judgments on

7  complex work-related decisions.  AR 13-14.

8  The undersigned finds that even considering Dr. Notzon's opinion, the ALJ's opinion was

9  substantially supported.[4]

10       The RFC assessed by the ALJ specified a limited range of social functioning: plaintiff was

11  "limited to simple, routine tasks with only occasional public contact; would work best in an

12  environment with few changes in the work routine; occasional interaction with coworkers and

13  supervisors."  AR 24.  The ALJ relied on plaintiff's demonstrated capabilities which reflect her

14  ability to interact occasionally with others, such as her ability to act appropriately with various

15  medical providers and staff (in person, by telephone, and over e-mail), her ability to ride public

16  transportation without supervision, shop in stores, and travel internationally for extended periods

17  — activities that require some level of public interaction.  AR 24, 27, 29, 49, 206, 331-32, 462.

18  Plaintiff's demonstrated capabilities constituted substantial evidence supporting an RFC for

19  occasional social interactions.

20       Further, the ALJ relied on the medical opinion and observations of Consultative Examiner

21  Teresa Phillips, Psy.D., and specifically noted that plaintiff interacted appropriately with Dr.

22  Phillips and her staff throughout the consultative examination.  AR 24.  Dr. Phillips found that

23  plaintiff presented with a cooperative manner, displayed a positive attitude, and had appropriate

24  facial expressions, intact speech, good eye contact, good grooming, intact gross motor function,

25  unimpaired attention, logical and linear thought processes, unremarkable thought content, and

26

27  [4]  The court notes that although the ALJ did not consider Dr. Notzon's opinion because it was not
   submitted until appeal, medical records from Dr. Notzon were before the ALJ.  AR 283, 288, 290,

28  294, 304, 351.  Dr. Notzon's opinion, dated July 6, 2021, is located at AR 13-16

1   intact insight and judgment, among other normal clinical findings supporting the minimal degree

2   of social functioning assigned in the RFC.  AR 24, 27-29, 330, 332).  This medical evidence

3   constituted substantial evidence supporting the RFC for occasional social interactions.

4       Finally, the ALJ found persuasive the assessments of psychological consultants Norman

5   Zukowski, Ph.D. and F. Mateus, M.D.  AR 28.  Dr. Zukowski found plaintiff "would not need

6   extra supervision, and could work without undue interruption from psychiatric difficulties [and]

7   claimant could accept routine supervision, interact with co-workers and the public in brief

8   encounters, and could generally present with socially acceptable appearance and behavior."  AR

9   28.  For all the above reasons, the ALJ's opinion is substantially supported and not undermined

10   by Dr. Notzon's opinion.  In fact, plaintiff does not address any of the substantial evidence

11   supporting the ALJ's decision, let alone establish that the ALJ erred when relying on it.  ECF No.

12   14 at 8-10.  The court does not find error.

13       B.  <u>The ALJ Did Not Err in Discounting Plaintiff's Testimony</u>

14       The ALJ did not err in discounting plaintiff's subjective allegations.  While an ALJ's

15   credibility finding must be properly supported and sufficiently specific to ensure a reviewing

16   court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also

17   not "required to believe every allegation" of disability.  <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th

18   Cir. 1989).  So long as substantial evidence supports an ALJ's credibility finding, a court "may

19   not engage in second-guessing."  <u>Thomas</u>, 278 F.3d at 958.

20       In her adult function report, plaintiff stated that she has social anxiety such that she will

21   "freak out at the thought of interacting with people," that she is unable to keep appointments,

22   sleeps for days, and no longer functions normally.  AR 212.  Plaintiff reported that she no longer

23   enjoys social activities and has a hard time completing tasks and concentrating.  AR 217.  The

24   ALJ discounted plaintiff's subjective testimony for several reasons.  First, the ALJ found

25   plaintiff's testimony inconsistent with her demonstrated capabilities and activities of daily living.

26   For example, the ALJ noted plaintiff was able to travel internationally to Mexico; navigate public

27   transportation independently; pay bills, count change, use a checkbook and/or money orders; shop

28   in stores; maintain her personal care; prepare meals; clean; do laundry; and interact with medical

1   personnel in person, by telephone, and in writing.  AR 24–25, 27–29, 204–06, 213–15, 286–87,

2   331.  The ALJ properly found that plaintiff's demonstrated capabilities did not support, and in

3   fact undermined, her allegations of disabling mental limitations.  A claimant's daily activities are

4   relevant to an ALJ's credibility determination.  See 20 C.F.R. § 404.1529(c)(3).

5           The ALJ also discounted plaintiff's subjective statements as inconsistent with the medical

6   record.  As the ALJ notes, the record is "sparse," but the few mental-status examinations by

7   treating medical providers documented in the record indicated intact functioning, with notations

8   that plaintiff presented as well appearing, was not in any distress, and was alert and oriented to

9   person, place, and time.  See, e.g., AR 282, 298, 303.  To the extent plaintiff alleges that the ALJ

10  did not address evidence of "ongoing paranoia and hallucinations" (AR 296 (11/2018), 298

11  (10/2018), 300 (10/2018), 302), the ALJ did address these issues by explaining that the record

12  demonstrated that medication (lamotrigine) was effective in controlling the hallucinations.  AR

13  26, citing AR 285.  The ALJ's determination that plaintiff's subjective statements did not align

14  with the medical record and history of conservative treatment is well supported; there is no error

15  here.  See 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence … is a useful indicator to

16  assist us in making reasonable conclusions about the intensity and persistence of your symptoms

17  ….").  The court does not find error.

18                              VII.  CONCLUSION

19          For the reasons set forth above, IT IS HEREBY ORDERED that:

20          1.  Plaintiff's motion for summary judgment (ECF No. 14), is DENIED;

21          2.  The Commissioner's cross-motion for summary judgment (ECF No. 16), is

22  GRANTED;

23          3.  The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

24  DATED: September 14, 2023

25

26                              ALLISON CLAIRE
                                UNITED STATES MAGISTRATE JUDGE
27

28

9